## Frederick W. Heyn v. Charles F. Farrar and another.

*Dissolution of attachment: Circuit court commissioner: Partner of plaintiff's attorney: Disqualification.* On an application to dissolve an attachment, it is competent, where the only circuit court commissioner of the county is disqualified, under the statute (*Comp. L. 1871*, § *5596–8*), to bring the matter, upon a proper showing, before the circuit court commissioner of an adjoining county. And a showing that the commissioner of the county is the law partner of the plaintiff's attorney, and that a portion of the. papers in the cause were in his hand-.writing, and that he had told defendant's attorney that he was interested as counsel and could not act as commissioner in the matter, is a sufficient showing of disqualification.

HEYN *v.* FARRAR.

*Dissolution of attachment: Circuit judge: Commissioner of adjoining county.* The objection that the application in such case should have been made to the circuit judge, is held to be without force. The statute does not place applications to dissolve attachments on any different footing from other official action. And there is no special hardship in requiring a plaintiff who has sued out an attachment, which he cannot honestly do without means of proof of its propriety, to show that proof before an officer who must be presumed to be as competent in one county as in another.

*Proceedings to dissolve attachment: Entitling: Special proceedings.* The point that the proceedings before the commissioner should have been entitled in the original cause, is held not well taken. The proceeding is a special one, and the commissioner acts as an independent judicial officer, and not as a referee in the cause itself.

*Submitted on briefs April 6. Decided April 17.*

*Certiorari* to Circuit Court Commissioner of Ottawa County.

*L. N. Keating,* for plaintiff in *certiorari,* cited: *Comp. L. 1871,* §§ *5596, 6428; Drake on Attachment,* § *411; Bower v. Towne, 12 Mich., 233; Arnold v. Nye, 11 Mich., 456; Whipple v. Williams, 1 Mich., 115.*

No counsel appeared for defendants in *certiorari.*

CAMPBELL, J :

This is a *certiorari* to review the proceedings of a circuit court commissioner, dissolving an attachment sued out by plaintiff against defendants in the Muskegon circuit court. The action was had by Edwin Baxter, circuit court commissioner for the adjoining county of Ottawa, founded on a showing that J. E. Jamison, the only circuit court commissioner for Muskegon, was disqualified. The facts of disqualification were, that Jamison was engaged in practicing law with Mr. Keating, the plaintiff's attorney, and that a portion of the papers in the cause were in his handwriting, and that he had told the defendants' attorney that he was interested as counsel and could not act as commissioner in the matter.

On the hearing of the application by Mr. Baxter, Heyn appeared by counsel specially, and after a preliminary motion for security, moved to dismiss the proceeding for want

of jurisdiction, on the ground that the application could only be made to the circuit judge or commissioner of Muskegon.

Heyn's affidavit averred that Jamison was never employed as his counsel. It did not deny his connection with Keating, nor his action in drawing the papers, nor his statements of disqualification; and Jamison and Keating made no affidavits. The affidavit for *certiorari* is also silent on this.

The statute authorizing the commissioner of an adjoining county to act in such cases was passed two years after the act for the dissolution of attachments, and declares "that in all cases where, by the laws of this state, any duties are required to be performed by a circuit court commissioner of the proper county, if such circuit court commissioner be attorney, solicitor or counsel in such suit or matter, or be a party thereto, or otherwise interested or unable to act or incapable of acting therein, such duties may be performed by a notary public of such county, being an attorney of the supreme court of this state; or, if there be no such notary public in such county, then such duties may be performed by a circuit court commissioner of an adjoining county."— *C. L.*, § *5596*.

*Section 5597* requires that such other officer, before acting, shall be satisfied, by affidavit or other competent proof, that such disability exists.

The statute *(C. L.,* § *5580)* renders a commissioner incapable of acting where his law partner is interested. It was held in *Chandler v. Nash, 5 Mich. R., 409,* that a notary public could not lawfully act under this statute, to dissolve an attachment. The evidence before Mr. Baxter was such as to authorize him to decide that Jamison was disqualified, and from the affidavits he would have found it difficult to decide otherwise.

The point that application should have been made to the circuit judge is without force. The statute placed applications to dissolve attachments on no different footing from other official action, and we cannot import any such excep-

tion into the law. It is for the legislature to define public policy; but we cannot perceive any special hardship in compelling a plaintiff who has sued out an attachment, which he cannot honestly do without means of proof of its propriety, to show that proof before an officer who must be presumed to be as competent in one county as in another. The facility with which plaintiffs satisfy their consciences in making such affidavits needs no extraordinary encouragement from the courts.

The objection that the proceedings before the commissioner should have been entitled in the original cause, is not well taken. The proceeding is a special one, applicable to proceedings before justices and other courts besides those in circuit courts; and the commissioner acts as an independent judicial officer, and not as a referee in the cause itself.

The proceedings were correct, and should be affirmed, with costs.

The other Justices concurred.